David S. Lank of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for respondent below, appellant.

G.F.W., pro se appellee.

GEBELEIN, Judge.

This case involves the appeal of a decision of the Family Court relating to child support. The court below in effect ratified certain decisions made by a Master of that court as to the nature of certain funds received by one of the parties to this action.

Basically stated, the case involves the amount of child support owed to the appellant, D.S. (hereinafter, "Wife"), by the appellee, G.F.W. (hereinafter, "Husband"), for the support of three minor children. On October 7, 1983 the Family Court ordered the Husband to pay $700.00 per month in child support. At the time of the order, the Husband worked for the duPont Company. Within several weeks of the order, he left duPont and started his own business. He presently serves as president of this company and his salary is the same as his base salary had been as an employee of duPont, although he now receives no overtime. The Husband also purportedly receives a $500.00 per month "loan" from his father (hereinafter, "Father"), who is also a director and employee of the corporation established by Husband.[1] This loan has no term in which it is to be repaid, carries no interest, and is not taxed.

On December 14, 1984, the Husband filed a petition to have his child support pay-

**WIFE (D.S.), Respondent Below, Appellant,**

v.

**HUSBAND (G.F.W.), Petitioner Below, Appellee.**

Superior Court of Delaware, New Castle County.

Submitted: June 11, 1986.

Decided: Sept. 10, 1986.

---

1. There is some doubt from the record whether or not the $500.00 per month loan actually was paid to the Husband from his Father each month. Husband argues that at the time of the hearing he had in fact received only a total of $500.00, but is accruing the right to receive more funds should the corporation become profitable enough to pay the salary to its director, his father; i.e., that the father will loan him the money when he receives it.

ments reduced. After a hearing, the Master entered a finding that the payments be reduced from $700.00 to $550.00 per month. Both parties requested a hearing *de novo* pursuant to Family Court Rule 380(e).[2] After a brief hearing, the Family Court Judge revised the Master's proposed order and ordered that the Husband pay $564.45 per month. The Judge specifically adopted the Master's rationale as to calculations of the Husband's available income. In doing this, the $500.00 per month "loan" was excluded by the court from the Husband's income. The Wife filed a motion for reargument which was denied by the Family Court Judge. The Wife now appeals the exclusion of the $500.00 per month "loan" from the determination of the Husband's income.

## I. *Scope of Review*

An appellate court will not disturb a trial judge's findings of fact unless they are clearly wrong and justice requires that they be overturned. *Wife (J.F.V.) v. Husband (O.W.V., Jr.),* Del.Supr., 402 A.2d 1202, 1204 (1979). It is the trial court's duty and right to resolve questions of the credibility of the witnesses and weight of the evidence. *Id.* at 1204. The reviewing court will draw its own inferences and deductions only if the inferences and deductions initially drawn by the trial judge are not the product of an orderly and logical deductive process. This is true even if the reviewing court would have reached other conclusions if initially viewing the evidence. *Id.* at 1204.

The issue for this Court to determine is whether or not the trial Court decided the issue before it in a logical, orderly, deductive process based upon the evidence presented.

## II. *Procedural Context*

This Court has before it the record developed at a "trial de novo" before the Family Court Judge. This includes the transcript of a brief evidentiary hearing before the Court and the Court docket entries.

A hearing was held before the Family Court Judge on May 29, 1985. The transcript of that proceeding basically shows that the Husband, acting *pro se,* pointed out a few mathematical errors in the Master's computations under the Melson formula. These errors resulted in a net increase in his payment due of $14.45. In addition, he argued that the Melson formula should not have been applied because it did not take into account what he had given to his Wife in the divorce settlement. Upon cross-examination, the Husband testified briefly to his past and present earnings. In addition, the cross-examination touches briefly on the nature of the "$500 loan" at issue in this case.

After the hearing, the trial Judge made a decision that the recalculated Melson formula support figure would be used. In particular, Husband would pay Wife $564.45 per month child support. Wife moved for reargument in that the decision did not specifically address the issue of the "loan".

In a decision of June 25, 1985 the Family Court Judge decided this question as well as a question raised by Husband as to retroactivity of the support modification. In particular, the Court stated:

> The Master adequately covered all of these allegations in her opinion beginning on page 2 and continuing through page 4. Thus, I adopt the Master's reasoning with reference to all of the issues raised ...

The Master in her opinion had treated the purported loan in the following manner:

> It could be argued that $500 per month Mr. W ... receives from his father is income. Mr. W ... testified same is a loan to be forgiven upon his father's decease or to be paid back by him to his father should he take over the business from his father. In the light of the fact that, even if same were deemed gifts, the father could discontinue them at any time and especially in light of Paragraph

**2.** Rule 380(e) provides:

... any party to an action before a Master who desires to have the matter *reheard* by a Judge of the Court, shall within 15 days after the Master announces his judgment, file with the Court a written petition requesting a *trial de novo* before a Judge ... (Emphasis added.)

C * below, the Court chooses not to treat the payments as income.

This Court cannot review the Master's finding on this issue as being logically or orderly deducted from the evidence as the evidence presented before the Master is not part of the record subject to review. If the finding is tested against that evidence actually presented to the Judge, it does not logically follow as there was no evidence to support the conclusion that if the business was taken over by the Husband, the debt would have to be repaid. It is clear from the Master's opinion and the argument of Husband in this Court that substantial additional testimony on this issue was had before the Master and was relied upon by the parties in arguing to the Family Court Judge.

This Court is concerned because the transcript of the hearing before the Family Court Judge reveals a hearing in the nature of a supplementary hearing or an appellate review of the Master's decision. That is to say both parties at the hearing approached the presentation as if to add to their evidence and arguments already made before the Master, or conversely, to attack specific findings of the Master based on the evidence presented before her.

This is not the purpose of a trial *de novo*. What had transpired before the Master (unless specifically stipulated into evidence by the parties and available to the Judge for review) is not part of the record of this case before the Family Court or before this Court.

The statute provides for Masters to be used in Family Court, but mandates that a *review de novo* be provided, 10 *Del.C.* § 913(c). The Family Court rule provides for a *trial de novo*. A *de novo* trial is:

> Trying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered. *Black's Law Dictionary*, Fifth Edition, p. 392 (1979).

In this case the Court cannot conclude that the decision below was the product of a logical or orderly process of deduction from the evidence actually presented to the Family Court Judge.

This case must be REVERSED and REMANDED for the purpose of developing a complete record as to the circumstances surrounding the "loan" in question so that the Family Court Judge can make a decision on this issue based upon evidence properly before the Court.

IT IS SO ORDERED.

---

* Paragraph C balances the expenditures and net income of the parties.